Joseph G. Adams (#018210)
Peter R. Montecuollo (#031596)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: jgadams@swlaw.com
       pmontecuollo@swlaw.com

Attorneys for Plaintiff
Great American Duck Races, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Great American Duck Races, Inc., an Arizona corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sky Billiards, Inc., a California corporation, which does business as Best Choice Products,<br><br>　　　　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT AND RELATED STATE LAW CLAIMS**<br><br>(Jury Trial Demanded) |

Plaintiff Great American Duck Races, Inc., which does business as Great American Merchandise & Events ("GAME"), alleges the following for its complaint against defendant Sky Billiards, Inc., which does business as Best Choice Products ("Best Choice").

## THE PARTIES

1. GAME is an Arizona corporation with its principal place of business located in Scottsdale, Arizona.

2. Defendant Best Choice is a California corporation with its principal place of business in Ontario, California. Upon information and belief, Best Choice transacts interstate business in Arizona and elsewhere throughout the United States.

## JURISDICTION AND VENUE

3. This action for copyright infringement, trademark infringement, unfair competition, and related causes of action arises under 17 U.S.C. § 501, 15 U.S.C. § 1114; 15 U.S.C. § 1125(a), and the common law of the State of Arizona.

4. This Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338 for claims arising under the Copyright Act and the Lanham Act, and under 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b) for the related state-law claim.

5. This Court has personal jurisdiction over Best Choice because Best Choice has committed acts of copyright infringement, trademark infringement, and unfair competition in the District of Arizona and elsewhere in the United States. On information and belief, Best Choice has substantial and continuous contacts with the State of Arizona; has purposefully directed its infringing activities at Arizona; and purposefully availed itself of the privilege of conducting business in Arizona. On information and belief, Best Choice has purposefully injected its infringing products into the stream of commerce, knowing that infringing products would be sold in Arizona. Further, Best Choice has committed torts in or directed at the forum.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a), because Best Choice has committed acts of infringement here, and a substantial part of the events giving rise to GAME's claims occurred here.

## FACTUAL BACKGROUND

7. GAME is the owner of a proprietary, distinctive design of a toy duck wearing sunglasses (the "GAME Duck"). A representation of the GAME Duck is attached as Exhibit A.

8. GAME markets, sells, licenses, reproduces, authorizes the reproduction of, distributes, publicly displays, and prepares derivative works of the GAME Duck in the United States and worldwide. GAME uses the GAME Duck on, and in connection with, a wide variety of products and services, including charitable fundraising services and pool and spa equipment.

9.   GAME is especially well-known for organizing fundraising events for charitable organizations.  These fundraisers are large, public "races" featuring thousands of small plastic ducks embodying the GAME Duck in bodies of water such as lakes and canals.  These fundraisers attract significant publicity and media attention and have generated substantial goodwill for GAME and the charitable organizations that benefit from the race.

10.   The GAME Duck is an original work of authorship protected under the Copyright Act.  GAME has registered the GAME Duck with the United States Copyright Office and received Copyright Reg. No. VA0000349920.  The GAME Duck was first registered on April 4, 1989.  Information regarding the registration is attached as Exhibit B.

11.   GAME has registered two additional copyrights for the GAME Duck.  GAME received Copyright Reg. No. VA0001900397 for a 3D embodiment of the GAME Duck, and Copyright Reg. No. VA0001900379 for a 2D embodiment of the GAME Duck.  Information regarding both registrations is included with Exhibit B.

12.   GAME has continuously used the distinctive GAME Duck in commerce in connection with, and to promote, its goods and services since at least as early as 1988.

13.   GAME has invested considerable sums to promote and advertise its services and products featuring the GAME Duck.

14.   As a result of GAME's long use and widespread, successful promotion of products and services featuring the GAME Duck, consumers and the public associate the GAME Duck exclusively with GAME and GAME's products and services.  Accordingly, while inherently distinctive, the GAME Duck has also acquired additional distinctiveness.

15.   Among other things, consumers recognize the GAME Duck by virtue of its distinctive body shape and its consistent use of large stylized black sunglasses.

16.   GAME has registered the GAME Duck as a trademark with the United States Patent and Trademark Office.  In particular, GAME has obtained the following federal registrations for the GAME Duck: Reg. No. 3,141,076 for plastic toy ducks; Reg.

1  No. 3,141,130 for thermometers and chlorinating and water treatment units; Reg. No.
2  3,401,842 for charitable fundraising services; and Reg. No. 2,252,374 for charitable
3  fundraising services.  Information regarding the registrations is attached as Exhibit C.

  17. Among other products embodying GAME's copyright and trademark registrations for the GAME Duck, GAME offers a Giant Inflatable Derby Duck (the "Inflatable Duck").  GAME's Inflatable Duck is a durable, heavy duty, pool inflatable that seats multiple users.  A representation of GAME's Inflatable Duck is attached as Exhibit D.

  18. Since 2015, GAME has sold tens of thousands of its Inflatable Duck through Leslie's Swimming Pool Supplies, Amazon, and other national and local retailers.  The success of GAME's Inflatable Duck has garnered considerable press for GAME, including on the Today Show, E!, and Entertainment Tonight.  And, in 2016, GAME's Inflatable Duck was recognized by Pool and Spa Magazine as a "Best New Product for 2016."

  19. Best Choice is engaged in the business of selling and distributing consumer goods directed at, among other things, the pool and spa industry.

  20. Recently, Best Choice started selling a knock-off version of GAME's Inflatable Duck, advertised as "Best Choice Products Inflatable Giant Rubber Duck Party Pool Float Raft" (the "Infringing Product"), in a distinctive shape and wearing sunglasses.  A representation of Best Choice's Infringing Product is attached as Exhibit E.

  21. The Infringing Product is substantially similar and confusingly similar to the GAME Duck and the Inflatable Duck.

  22. Best Choice has promoted, advertised, sold, or distributed the Infringing Product through Walmart.com and on Best Choice's own web site at "www.bestchoiceproducts.com."

  23. The Infringing Product is aimed directly at GAME's core market of pool and spa toys.  Likewise, because the Infringing Product appears on Walmart.com, which GAME also uses to sell its products, it is highly likely that consumers will view Best

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1  Choice's product sold side-by-side with GAME's — including GAME's Inflatable Duck.

2      24.    Best Choice's sale and distribution of the Infringing Product is likely to
3  cause confusion, mistake or deception regarding the source, sponsorship, or affiliation of
4  the parties' respective products and commercial activities.

5      25.    GAME has not authorized Best Choice to market, sell, license, reproduce,
6  distribute, publicly display, or prepare derivative works of the GAME Duck.

7      26.    Upon information and belief, Best Choice's actions described above are
8  intentional, willful, and designed to wrongfully profit from the goodwill associated with
9  the GAME Duck, the Inflatable Duck, and GAME's products and services.

## FIRST CAUSE OF ACTION

### (Infringement of Copyright; 17 U.S.C. § 501)

12      27.    GAME realleges and incorporates by reference the allegations in paragraphs
13  1 through 26 as though fully set forth herein.

14      28.    GAME is the owner of the GAME Duck and owns valid copyrights for the
15  GAME Duck.

16      29.    GAME has obtained copyright registrations from the United States
17  Copyright Office for the GAME Duck.

18      30.    Best Choice has infringed GAME's registered copyrights by reproducing
19  and/or distributing copies of, and preparing derivative works of, the GAME Duck without
20  GAME's authorization.

21      31.    This wrongful conduct constitutes a violation of Section 501 of the
22  Copyright Act, 17 U.S.C. § 501.

23      32.    Best Choice's conduct has irreparably damaged GAME and will continue to
24  so damage GAME unless restrained by this Court.

25      33.    GAME is entitled to an injunction, statutory damages, actual damages, and
26  an award of attorneys' fees and other costs as provided under 17 U.S.C. § 504.

## SECOND CAUSE OF ACTION

**(Infringement of Federally Registered Trademark; 15 U.S.C. § 1114)**

34. GAME realleges and incorporates by reference the allegations in paragraphs 1 through 33 as though fully set forth herein.

35. GAME owns and uses the GAME Duck described above and is identified with and has established rights to the GAME Duck and the federal trademark registrations set forth above.

36. Best Choice's use in commerce of the Infringing Product as described above is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Best Choice's products and services, or the affiliation, connection, or association of GAME with Best Choice.

37. Best Choice's use of the Infringing Product is a deliberate, intentional, and willful attempt to cause confusion, to cause mistake, or to deceive purchasers.

38. This wrongful conduct constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39. In particular, Best Choice's conduct constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of all of GAME's federal trademark registrations set forth above in connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

40. Best Choice's conduct has irreparably damaged GAME and will continue to so damage GAME unless restrained by this Court.

41. GAME is entitled to an injunction under 15 U.S.C. § 1116, as well as to damages, Best Choice's profits, and the costs of this action under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

**(Unfair Competition; False Designation of Origin, 15 U.S.C. § 1125(a))**

42. GAME realleges and incorporates by reference the allegations in paragraphs 1 through 41 as though fully set forth herein.

1  43.     GAME owns the trademarks for the GAME Duck described above and is
2  identified with and has established rights to these trademarks.
3  44.     Best Choice's use in commerce of the Infringing Product as described above
4  is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or
5  approval of Best Choice's products and services, or the affiliation, connection, or
6  association of Best Choice with GAME.
7  45.     As the result of such confusion, customers are likely to believe incorrectly
8  that GAME authorizes and controls the sale of Best Choice's products or that Best Choice
9  is associated with or related to GAME.
10  46.     This conduct constitutes "passing off" or "palming off" by expressly or
11  impliedly representing that the Infringing Product is a product from GAME and/or the
12  GAME Duck.
13  47.     Best Choice's acts have injured or are likely to injure GAME's reputation,
14  business, and relations with merchants and customers by causing confusion about and
15  dissatisfaction with the products and services of GAME and a loss of sales and market
16  share to Best Choice.
17  48.     Best Choice's conduct constitutes a violation of Section 43(a) of the
18  Lanham Act, 15 U.S.C. § 1125(a).
19  49.     Best Choice's conduct has irreparably damaged GAME and will continue to
20  so damage GAME unless restrained by this Court.
21  50.     GAME is entitled to an injunction under 15 U.S.C. § 1116, as well as to
22  damages, Best Choice's profits, and the costs of this action under 15 U.S.C. § 1117.

### FOURTH CAUSE OF ACTION
### (Common Law Unfair Competition)

25  51.     GAME realleges and incorporates by reference the allegations in paragraphs
26  1 through 50 as though fully set forth herein.
27  52.     Best Choice's wrongful use of the Infringing Product and other acts
28  described above constitutes unfair competition under the common law of the State of

- 7 -

Arizona.

53. This conduct constitutes "passing off" or "palming off" by expressly or impliedly representing that the Infringing Product is a product from GAME and/or the GAME Duck.

54. Best Choice's conduct has irreparably damaged GAME and will continue to so damage GAME unless restrained by this Court.

55. GAME is without an adequate remedy at law and is entitled to an injunction, as well as damages in an amount to be proven at trial.

WHEREFORE, GAME prays for relief as follows:

1. That the Court find that Best Choice directly and willfully infringed GAME's copyrights and order Best Choice to pay to GAME the maximum amount of statutory damages available under 17 U.S.C. § 504(c) in an amount of $150,000 per infringement of each work;

2. That the Court find that Best Choice directly and willfully infringed GAME's trademarks;

3. That the Court order Best Choice to account for and pay to GAME all profits derived by reason of Best Choice's sale and use of the Infringing Product;

4. That the Court order Best Choice to pay to GAME all damages incurred by GAME by reason of Best Choice's sale and use of the Infringing Product;

5. That the Court order Best Choice to pay to GAME the costs of this action, together with reasonable attorneys' fees and disbursements;

6. That the Court order that Best Choice, and all of its agents, partners, servants, employees, distributors, authorized resellers, and all others in active concert or participation with Best Choice, be enjoined and restrained during the pendency of this action, and permanently thereafter, from using in commerce the Infringing Product, and derivative works thereof, or any other product that is substantially similar or confusingly similar to the GAME Duck;

7. That the Court order Best Choice to deliver to GAME all copies or versions

of the Infringing Product in the possession or control of Best Choice;

8. That the Court order Best Choice to file with the Court and serve on GAME an affidavit setting forth in detail the manner and form in which it has complied with the terms of the injunction; and

9. That the Court grant such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, GAME hereby demands trial by jury of all issues triable by a jury.

DATED this 21st day of June, 2017.

SNELL & WILMER L.L.P.


By: s/ Joseph G. Adams
    Joseph G. Adams
    Peter R. Montecuollo
    One Arizona Center
    400 E. Van Buren Street, Suite 1900
    Phoenix, Arizona  85004-2202
    Attorneys for Plaintiff
    Great American Duck Races, Inc.